**BABY TAM & CO., INC., a Nevada corporation, Plaintiff–Appellant,**

v.

**CITY OF LAS VEGAS, Defendant–Appellee.**

No. 99–16809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1999.

Filed Jan. 14, 2000.

Michael D. Stein, Kenehan Lambertsen & Stein, Las Vegas, Nevada, for the plaintiff-appellant.

William P. Henry, Deputy City Attorney, Las Vegas, Nevada, for the defendant-appellee.

Before: REINHARDT, NOONAN and THOMPSON, Circuit Judges.

Opinion by Judge NOONAN; Dissent by Judge DAVID R. THOMPSON.

NOONAN, Circuit Judge:

Baby Tam & Co., Inc., (Baby Tam) appeals the dissolution of the permanent injunction of the district court enjoining the City of Las Vegas (the City) from enforcing Chapter 6.06A of the Las Vegas Municipal Code against Baby Tam. We hold that Chapter 6.06A is still on its face unconstitutional. Accordingly, we reverse the judgment of the district court and remand for re-entry of the permanent injunction.

## PROCEEDINGS

This case is a sequel to *Baby Tam & Co., Inc. v. City of Las Vegas,* 154 F.3d 1097 (9th Cir.1998) (*Baby Tam I* ). The proceedings prior to the decision are fully set out therein. In *Baby Tam I* we held that Chapter 6.06A failed to provide for prompt judicial review of a denial of a license to operate a bookstore and therefore was "on its face a prior restraint of speech which violates the First and Fourteenth amendments." *Id.* at 1099. We stated: "Having resolved this issue, it is unnecessary for us to decide the other issues Baby Tam raises." *Id.* at 1102. We remanded with instructions

enjoining the City from enforcing Chapter 6.06A of the Las Vegas Municipal

Code against Baby Tam to deny it a license to operate its adult bookstore at 5100 W. Charleston Boulevard in the City of Las Vegas, so long as the applicable bookstore licensing and zoning ordinance fails to provide for a prompt hearing and prompt decision by a judicial officer reviewing the City's denial of an application for a bookstore licence.

The district court issued a permanent injunction in the terms set by the remand. The City then took steps to remedy the constitutional defect that the court had identified. The City amended section 6.06A.025 to add subsection D, which provides as follows:

(D) In the event that an application is denied, the applicant may file or cause to be filed in the district court a petition for judicial examination of the validity of the denial of the bookstore license as provided by Chapter 34 of NRS. If the district court has not decided the validity of the denial within thirty days after the petition is filed, the Director shall issue a temporary bookstore license. The temporary bookstore license shall remain in effect only until the district court has rendered its opinion concerning the validity of the denial.

The City also secured amendments to Chapter 34 of the Nevada Revised Statutes, as follows:

1. If the applicant is alleging an unconstitutional prior restraint of his rights pursuant to the First Amendment to the Constitution of the United States or section 9 of article 1 of the constitution of the State of Nevada, the applicant shall insert the words "First Amendment Petition" in the caption of the application for the writ in at least 10–point type.
2. The court shall render judgment on an application for a writ described in subsection 1 not later than 30 days after the date on which the application for the writ is filed.

Sec. 2. NRS 34.180 is hereby amended to read as follows: 34.180 [*The* ] **Except as otherwise provided in section 1 of**

this act, the writ of mandamus may, in the discretion of the court or judge issuing the writ, be made returnable and a hearing thereon be had at any time.

Sec. 3. NRS 34.300 is hereby amended to read as follows:

34.300 Except as otherwise provided in NRS 34.150 to 34.290, inclusive, **and section 1 of this act**, the provisions of NRS and Nevada Rules of Civil Procedure relative to civil actions in the district court are applicable to and constitute the rules of practice in the proceedings mentioned in NRS 34.150 to 34.290, inclusive [.], **and section 1 of this act**.

Sec. 4. This act becomes effective upon passage and approval.

The City also persuaded the Eighth Judicial District Court to change its rules of practice by adding Rule 2.17, which provides as follows:

(a) A petitioner seeking review of a claim of prior restraint under the First Amendment to the United States Constitution must label the extraordinary writ and points and authorities "First Amendment Writ." Points and authorities in support of the writ must be served and filed concurrently with the writ, and petitioner must immediately deliver a courtesy copy of the writ and points and authorities to the assigned department.

(b) The respondent must serve and file a memorandum of points and authorities in opposition thereto within 15 days after service of petitioner's points and authorities.

(c) Petitioner may serve and file reply points and authorities not later than 3 days after service of respondent's opposition.

(d) Within 25 days after the writ and accompanying points and authorities are filed and a courtesy copy delivered to the assigned department, the court shall conduct a hearing. **The court shall rule on the writ within 30 days after the writ and accompanying points and**

authorities are filed and a courtesy copy delivered to the assigned department.

The City then applied to the district court for dissolution of the permanent injunction. On July 20, 1999, the district court held that "the deficiencies noted by the Ninth Circuit Court of Appeals had been corrected" and dissolved the permanent injunction.

Baby Tam appeals.

## ANALYSIS

■ In *Baby Tam I* this court decided the case on a narrow basis, explicitly noting that Baby Tam had raised other issues which it was not necessary to reach. By winning the case on the first appeal, Baby Tam did not abandon its other constitutional objections to the facial validity of the municipal ordinance. The City is mistaken in supposing that those issues are no longer part of this case and no longer before us.

■ The City, the legislature of the State of Nevada, and the Eighth Judicial District Court have cooperated magnificently to eliminate the constitutional defect identified by this court. Baby Tam objects that the form of judicial review provided— mandamus—will not be constitutionally adequate. The Nevada mandamus procedure, however, appears to provide for a reasonable opportunity to obtain a determination of all constitutional issues. As we stated in *Baby Tam I*, "[t]he phrase [judicial review] necessarily has two elements—(1) consideration of a dispute by a judicial officer, and (2) a decision." 154 F.3d at 1101. *Baby Tam* may, of course, raise an objection if the ordinance is unconstitutionally applied. But on its face the judicial review appears to pass constitutional muster.

■ A Las Vegas council member or a Nevada legislator might think, we did what the courts said the Constitution required. Wasn't that enough? As it turns out, it wasn't, because this court did not take upon itself to expound all the constitutional problems in the statute or write a primer on the First Amendment. This court did give preeminence in its opinion to *FW/ PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), citing at several places in the opinion. That case points without ambiguity to a continuing defect in the City's ordinance. To quote the decisive language:

> Where the licensor has unlimited time within which to issue a license, the risk of arbitrary suppression is as great as the provision of unbridled discretion. A scheme that fails to set reasonable time limits on the decisionmaker creates the risk of indefinitely suppressing permissible speech.

> Although the ordinance states that the "chief of police shall approve the issuance of a license by the assessor and collector of taxes to an applicant within 30 days after receipt of an application," the license may not issue if the "premises to be used for the sexually oriented business have not been approved by the health department, fire department, and the building official as being in compliance with applicable laws and ordinances." § 41A–5(a)(6). Moreover, the ordinance does not set a time limit within which the inspections must occur. The ordinance provides no means by which an applicant may ensure that the business is inspected within the 30–day time period within which the license is purportedly to be issued if approved. The city asserted at oral argument that when applicants apply for licenses, they are given the telephone numbers of the various inspection agencies so that they may contact them. Tr. of Oral Arg. 48. That measure, obviously, does not place any limits. on the time within which the city will inspect the business and thereby make the business eligible for the sexually oriented business license. Thus, the city's regulatory scheme allows indefinite postponement of the issu-

ance of a license. *Id.* at 228, 110 S.Ct. 596.

As a consequence, the Dallas ordinance in that case was held invalid.

The quoted language is from the plurality opinion of Justice O'Connor, concurred in by Justices Stevens and Kennedy; but the implication sometimes conveyed by "plurality opinion" is deceiving, because Justices Brennan, Blackmun, and Marshall would have gone further in holding the ordinance entirely invalid; so, in effect, six members of the Supreme Court found this kind of ordinance defective.

Section 6.06A.025 is not any different from the invalid Dallas ordinance. It reads:

(A) The Director shall issue or deny the bookstore license to the applicant within thirty days from receipt of a complete application and fees upon compliance with the requirements of this Section and any applicable provisions of Title 6 of this Code.

(B) Failure of the Director to approve or deny the license application within the thirty days shall result in the license being granted.

Section (B) defines the Director's duty to act "within the thirty days." The use of the definite article "the" identifies this period as the thirty days just referred to in (A). Under (A) the thirty days begin to run "from receipt of a complete application and fees upon compliance with the requirements of this Section and any applicable provisions of Title 6 of this Code." Other applicable provisions of the Code include "the standards of the health, zoning, fine and safety laws of the State of Nevada and ordinances of the City of Las Vegas applicable thereto." LVMC § 6.06A.020. No time limit is set within which satisfaction of these requirements must be found. The time is as indefinite as in the invalid Dallas ordinance. The thirty days within which the Director must act may be indefinitely postponed. The ordinance fails to meet

the requirements of the First and Fourteenth Amendments.

In reaching this conclusion and invalidating the ordinance for this facial flaw, we do not prejudge any other issue that may arise in further litigation of this case. Baby Tam in its suit challenged the City's "business and zoning license scheme" on several fronts. In again deciding on one issue, we do not determine whether any other defect may be found in the scheme on its face.

Reversed and Remanded to the district court with instructions to enter a permanent injunction against the City from denying a license to Baby Tam until all constitutional defects on the face of its business and zoning license scheme for adult bookstores are remedied.

DAVID R. THOMPSON, Circuit Judge, dissenting:

I do not dispute my colleagues' statement of the legal principles on which they rely. I do disagree, however, with their application of those principles to the facts of this case. In my view, the acts taken by the Nevada Legislature, the Nevada Supreme Court, pursuant to a petition filed by the Chief Judge of the Eighth Judicial District Court, and the Las Vegas City Council cured the defects in the City's earlier licensing scheme. Accordingly, I would affirm the district court's order dissolving the permanent injunction.

The majority asserts that the language of the Las Vegas ordinance pertaining to the time within which a bookstore license must be granted or denied is "not any different from the invalid Dallas ordinance" in *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 227, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). I disagree. The Dallas ordinance expressly provided that the chief of police would not issue a business license "if the 'premises to be used for the sexually oriented business have not been approved by the health department, fire department, and the building official as

being in compliance with the applicable laws and ordinances.'" *Id.*

The Las Vegas ordinance is different. True, the Las Vegas ordinance establishes compliance with requirements of health, zoning, fire and safety as conditions precedent to issuance of a license. LVMC § 6.06A.020. But the ordinance also provides that "The Director shall issue or deny the bookstore license to the applicant within thirty days from receipt of a complete application and fees upon compliance with the requirements of this section and any applicable provisions of Title VI of this Code." The "requirements" of the section and "applicable provisions" refer to the conditions precedent of health, zoning, fire and safety.

The crucial question is who bears the risk of a non-decision as to these conditions within the thirty-day period? The ordinance quite plainly places that risk on the Director, as the City of Las Vegas concedes in its briefs and in oral argument. In section 6.06A.025(B), the ordinance provides: "Failure of the Director to approve or deny the license application within the thirty days shall result in the license being granted." Under this provision, the Director has thirty days in which to act on the license application. If the Director determines that the license applicant has not met the health, zoning, fire and safety requirements within the thirty-day period, he denies the license. If he determines these requirements have been met, he issues the license. If he makes no determination one way or the other, his default results in issuance of the license. Whatever decision the Director makes—denial, issuance, or no decision at all—the applicant's First Amendment rights are protected. Within the thirty days, the applicant either gets his license or his application is denied. If his application is denied, the ordinance provides that he may file in the Nevada state court a petition for judicial relief, and if the "court has not decided the validity of the denial within thirty days after the petition is filed, the

Director shall issue a temporary bookstore license." LVMC § 6.06A.025(D). The temporary license remains in effect until the state court renders its decision. *Id.*

There is no First Amendment violation. I respectfully dissent.