**BABY TAM & CO, INC., a Nevada corporation, Plaintiff–Appellant,**

v.

**CITY OF LAS VEGAS, Defendant–Appellee.**

No. 00–16123.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 19, 2001

Filed April 26, 2001

Michael D. Stein, Michael Stein & Associates, Ltd., Las Vegas, Nevada, for the plaintiff-appellant.

Bradford R. Jerbic, City Attorney, William P. Henry, Senior Litigation Counsel, Philip R. Byrnes, Deputy City Attorney, Las Vegas, Nevada, for the defendant-appellee.

Before: REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

Baby Tam & Co., Inc. (Baby Tam) appeals the order of the district court denying it relief in its suit against the City of Las Vegas (the City) in regard to the City's zoning and licensing scheme. We affirm the judgment of the district court.

## BACKGROUND AND PROCEDURAL HISTORY

The prior history of this case is set out in our two earlier decisions, *Baby Tam &*

*Co., Inc. v. City of Las Vegas,* 154 F.3d 1097 (9th Cir.1998) (*Baby Tam I*) and *Baby Tam & Co., Inc. v. City of Las Vegas,* 199 F.3d 1111 (9th Cir.2000) (*Baby Tam II*). In *Baby Tam I* we directed the district court to issue a permanent injunction enjoining the City from denying Baby Tam a license to operate its bookstore at 5100 West Charleston Boulevard as long as the licensing and zoning ordinance failed to provide for a prompt judicial hearing and decision on denial of a license. The City then secured the amendment of Nevada law and the rules of the Eighth Judicial District Court to meet these deficiencies. The district court dissolved the injunction it had entered in accordance with our mandate. Baby Tam again appealed. In *Baby Tam II* we held that the City's licensing scheme was still on its face defective because it set no time limit within which the Director of the Department of Finance and Business Services must act upon application for a license. On February 18, 2000, within five weeks of the publication of our opinion, the City amended its ordinance to read:

(A) The Director shall issue or deny the bookstore license to the applicant within thirty days from receipt of an application and the applicable fees.

(B) Failure of the Director to approve or deny the license application within the thirty days shall result in the license being granted.

(C) If the application is denied, the Director shall notify the applicant with the reason(s) stated for denial. Notification shall be sent certified, United States mail, return receipt requested, to the address provided on the license application which shall be considered the correct address. Each applicant has the burden to furnish any change of address to the Director, by United States certified mail, return receipt requested.

(D) In the event that an application is denied, the applicant may file or cause to be filed in the district court a petition for judicial examination of the validity of the denial of the bookstore license as provided by Chapter 34 of NRS. If the district court has not decided the validity of the denial within thirty days after the petition is filed, the Director shall issue a temporary bookstore license. The temporary bookstore license shall remain in effect only until the district court has rendered its opinion concerning the validity of the denial.

LVMC § 6.06A.025. The City simultaneously adopted LVMC § 1.28.010 to provide:

Notwithstanding any other provision of this Code, whenever a person submits to the City an application of any kind that is necessary in order to operate an adult bookstore, as defined in Section 6.06A.010, the City shall approve or deny the application within thirty days after it has been filed and the applicable fees have been paid. If the City fails to do so, the application shall be deemed approved.

Finally, the City provided:

All ordinances or parts of ordinances or sections, subsections, phrases, sentences, clauses or paragraphs contained in the Municipal Code of the City of Las Vegas, Nevada, 1983 Edition, in conflict herewith are hereby repealed.

On March 10, 2000, without reference to these amendments, the district court issued an injunction in compliance with our mandate in *Baby Tam II* prohibiting the City from denying a business and zoning license to Baby Tam "until all constitutional defects on the face of its business and zoning license scheme for adult bookstores

are remedied." 199 F.3d at 1115.[1] In the light of the amendments it had made, the City moved to vacate the injunction. Baby Tam filed a counter motion to hold the City in contempt and to compel the City to issue Baby Tam an adult bookstore license. The district court heard argument. Baby Tam stated that it was putting forward all its facial challenges to the ordinances. On May 24, 2000, the district court denied Baby Tam's counter motion and vacated the permanent injunction. The City issued citations to Baby Tam, and it closed its store. The City then obtained a state court injunction prohibiting Baby Tam from operating in an improper zone and without any business license.

Baby Tam appeals the judgment of the district court.

## ANALYSIS

■ *Baby Tam's Present Entitlement To A License.* Baby Tam's first contention is that once the City's licensing scheme was found to be unconstitutional in *Baby Tam I*, Baby Tam was entitled to a license; the City could not refashion its scheme to cover retroactively the time when the scheme was invalid. Even though the amended ordinances were ultimately held to be constitutional, Baby Tam argues that it was lawfully in business when the invalid ordinance came into effect and contends that it was therefore entitled to continue its business "under the exception of existing nonconforming uses." Baby Tam cites to *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1349 (9th Cir.1982).

■ The sentence relied on from *Kuzinich* is dictum uttered in the course of an opinion upholding the denial of a license. But a more serious difficulty attends Baby Tam's argument. The grandfathering of

nonconforming uses is for uses in existence on September 16, 1992. LVMC § 19A.04. Baby Tam registered as a Nevada business corporation in 1997. Baby Tam furnishes no authority for the proposition that a zoning ordinance may not prohibit a use in existence before its enactment, and we are aware of no such authority. To the contrary, it is established that city zoning may eliminate features of the landscape that pre-existed the zoning code and have been found objectionable under it. The classic case on the constitutionality of zoning ordinances noted that land being held for industrial development would suffer a 75% reduction in value by being restricted to residential use. *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 384, 47 S.Ct. 114, 71 L.Ed. 303 (1926). The observation did not persuade the Supreme Court to invalidate the ordinance. *Id.* at 397, 47 S.Ct. 114. In a variety of cases involving zoning that touched on the speech of those zoned it has not been a consideration that the use found objectionable under the zoning had predated the zoning. *E.g., Lim v. City of Long Beach*, 217 F.3d 1050, 1056 (9th Cir.2000); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211 (9th Cir.1984).

We note that at no time did this court or the district court order the City to license Baby Tam. Litigation in this case has proceeded on the assumption that the City could amend its licensing scheme to meet Baby Tam's challenges.

■ *Prompt Judicial Hearing.* We have already held in *Baby Tam II*, 199 F.3d at 1114, that Nevada has provided for prompt judicial review. Baby Tam contends that neither the local rules of the United States District Court nor the Federal Rules of Procedure guarantee an expedited hearing if a denied applicant

---

**1.** Our mandate issued on February 7, 2000.

should seek relief in federal court. There is, however, no constitutional requirement of prompt review by both court systems. State courts are entirely capable of adjudicating federal constitutional claims. *E.g., California v. Grace Brethren Church,* 457 U.S. 393, 414, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982). Also, we note that Baby Tam has successfully availed itself of a federal forum on two prior occasions, and in appropriate cases, federal courts should not hesitate to issue restraining orders expeditiously.

■ *Prompt Issuance of a License.* Baby Tam argues that the Director can stall in deciding whether "the applicable fees" required by LVMC § 6.06A25 have been paid. The fee set for payment with an application is $30 for "processing." LVMC § 6.02.085. A "first semiannual license fee" is also required to be paid with the application. LVMC § 6.02.180. Neither tax confers discretion on the Director. The $30 is straightforward. The method of calculating the advance tax on gross sales is set by ordinance LVMC § 602.180. On the face of these requirements there is no room for the Director to procrastinate. Assuming that the Director lawfully performs the duties prescribed, the 30–day period set for decision will begin promptly at the time of the filing of the application with the payment of the two fees.

■ *The Tax on Sales.* Baby Tam points to LVMC § 6.02.180 providing that the first semiannual license fee for a business whose license is based on gross sales "shall be an amount determined by the Director to be the cumulative average semiannual license fee paid by other businesses in the same industry." This tax is due for the first half year "on the date the application for business license is filed." LVMC § 6.02.170. Baby Tam characterizes this tax as a tax on its exercise of free speech, a tax levied in advance of its exercise.

The gross sales tax of the City falls on all businesses in the City. LVMC §§ 6.02.085, 6.02.160, 6.02.170. The tax is not imposed on the exercise of free speech. Furthermore, it is minimal. It ranges from $25 on semiannual gross sales of $12,000 to $670 on $1,200,000 of such sales. It is not a burden on speech. It is constitutional. *Leathers v. Medlock,* 499 U.S. 439, 447, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991).

■ *Disclosure of Ownership.* The Nevada Business Registration form that must be submitted by every licensed business requires not only the name of the entity but the name of "Owner(s), Partners, Corporate Officers, etc." Baby Tam interprets the form to require the listing of all stockholders and consequently contends that this required disclosure has a chilling effect on its freedom of expression. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 462, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).

We do not read the form as Baby Tam does. A single line upon it is provided for "Owner"; there is no space for a listing of stockholders; the single line is intended for the case of "Individual Ownership" where the form adds explicitly, "List only one Owner."

■ *The Burden of Sustaining Denial of a License. Freedman v. Maryland,* 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965), held that a constitutional censorship scheme involving films must place the burden of instituting judicial proceedings to deny a license on the censor. *Id.* at 58, 85 S.Ct. 734. Baby Tam asserts that the Las Vegas licensing scheme is invalid because the license may be denied without prior judicial hearing; the burden is on the would-be licensee to go to court.

We hold that the *Freedman* burden-of-instituting-proceedings safeguard does not apply in the context of a zoning case such as this. In *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), a case concerning an adult entertainment licensing scheme, three Justices concluded in the lead opinion that because the specific scheme at issue did not "present the grave 'dangers of a censorship system'" similar to the scheme in *Freedman*, this particular *Freedman* safeguard that the state bear the burden of initiating judicial proceedings did not apply. *Id.* at 228–30, 110 S.Ct. 596 (internal citation omitted). The Las Vegas scheme is like the one in *FW/PBS,* and unlike the censorship law in *Freedman,* because "the city does not exercise discretion by passing judgment on the content of any protected speech," and the businesses subject to license are not "likely to be deterred from challenging the decision to suppress the speech." *Id.* at 229, 110 S.Ct. 596. We agree with the lead opinion in *FW/PBS* and conclude that the *Freedman* safeguard placing the burden of instituting proceedings on the state does not apply to licensing schemes such as the one challenged in this case.

 *The Precision of the Ordinance.* Baby Tam challenges the ordinance determining what materials constitute the content of a bookstore meeting the ordinance's definition of "adult" in the sense of unsuitable for children. Baby Tam characterizes the definition as unconstitutionally vague and as a consequence also unconstitutionally conferring too much discretion on the licensor.

We reject Baby Tam's argument. The ordinance is specific in spelling out what sexual acts and what parts of the human body and what sexual toys qualify as sexual. No set of regulations can be applied without a modicum of judgment being exercised by the regulators. This ordinance cabins their discretion and directs their judgment and therefore passes constitutional muster.

Baby Tam supplements its challenge by contending that what makes a bookstore "adult" is the fact of 51% or more of its inventory being in the defined category, but the ordinance does not spell out how the inventory shall be taken. A ministerial function of this kind is not the stuff of constitutional objection. We assume that the City will measure inventory in a standard way. On the face of the ordinance there is nothing wrong in leaving the matter to standard practice. *See, e.g., Artistic Entm't, Inc. v. City of Warner Robins,* 223 F.3d 1306, 1310 (11th Cir.2000).

 *Suspension and Revocation of the License.* Baby Tam asserts that the provisions for suspension and revocation of a license are constitutionally defective. This claim, to say the least, is premature. Baby Tam does not have a license; therefore it has not sustained nor is it about to sustain suspension of the license. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 101–102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

*Conclusion.* No infirmity on the face of the zoning and licensing scheme of Las Vegas has been shown. Baby Tam has not shown that it is presently entitled to a license as an adult bookstore. Accordingly the judgment of the district court is AFFIRMED.